UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAVONDA D. SCOTT, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:10-CV-2086-SNLJ |
| | ) |
| STATE OF TEXAS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motions of Lavonda D. Scott, Candies Trice, and Darion McMiller for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a).[1] The Court will grant plaintiffs leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

---

[1] The complaint is signed by Lavonda D. Scott, Candies Trice, and Darion McMiller. The complaint also bears a signature line that appears to be signed by Lavonda Scott as next of kin for "S.T." In addition, Lavonda Scott has submitted a motion for appointment of next friend on behalf of "S.M.T.", a minor [Doc. #9]. Because a non-attorney parent or next friend of a minor must be represented by counsel when bringing an action on behalf of the child, and Lavonda Scott is proceeding pro se, the Court will deny the said motion and will strike "S.T. next of kin Lavonda Scott" as a party-plaintiff to this action. See Cheung v. Youth Orchestra Foundation of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir. 1990)(non-attorney parent must be represented by counsel when bringing action on behalf of child); Meeker v. Kercher, 782 F.2d 153, 154 (10th Cir. 1986)(minor child cannot bring § 1983 suit through parent acting as next friend if parent is not represented by counsel); see also Lewis v. Lenc-Smith Mfg. Co., 784 F.2d 829, 830 (7th Cir. 1986)(person not licensed to practice law may not represent another individual in federal court).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The complaint

Plaintiffs bring this action pursuant to 42 U.S.C. § 1983 against defendants State of Texas and Texas Department of Criminal Justice. Plaintiffs allege that defendants violated their Fifth, Eighth, and Fourteenth Amendment rights in failing to issue an

arrest warrant against Sam Paul Richardson "for parole violations and prior crimes." In addition, plaintiffs allege that defendants failed to adequately investigate certain incidents involving Richardson and to initiate any type of prosecution against him. As a result, plaintiffs claim they were deprived of "their rights of peace, comfort, prosperity, safety, general welfare, [and] privileges or immunities secured by the United States Constitution."

**Discussion**

Having carefully reviewed plaintiffs' allegations, the Court concludes that this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), because it is legally frivolous and fails to state a claim or cause of action under § 1983. Plaintiffs have no constitutional right to have state criminal charges brought against another individual. Similarly, they have no constitutional right to an investigation or to the issuance of an arrest warrant against Richardson.

Moreover, the State of Texas is not a "person" for purposes of § 1983 and is absolutely immune from liability under that statute. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 63 (1989). Similarly, state agencies, such as the Texas Department of Criminal Justice, are not "persons" within the meaning of § 1983, and thus, are not subject to suit under that statute. See Thompson v. Burke, 556 F.2d 231 (3d Cir. 1977).

3

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiffs' motions for leave to proceed in forma pauperis [Docs. #2, #3, and #4] are **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff Lavonda Scott's motion for appointment of counsel [Doc. #8] and pro se motion to act as next friend of a minor [Doc. #9] are **DENIED**.

**IT IS FURTHER ORDERED** that "S.T., Next of Kin, Lavonda D. Scott" is **STRICKEN** as a party-plaintiff to this action, and the Clerk of Court shall docket this case as <u>Lavonda D. Scott, Candies Trice, and Darion McMiller v. State of Texas and Texas Department of Criminal Justice</u>.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 4th day of January, 2011.

_____
UNITED STATES DISTRICT JUDGE